In the Matter of the Estate of Leopold Gally, Deceased.

Frederick W. Ritter, as Executor, etc., of Leopold Gally, Deceased, Appellant; Fred C. Lemmerman and Edward W. Cox, Appraisers, Petitioners, Respondents; Alvine E. Kroupa, Respondent.

Second Department, May 2, 1938.

*Frederick W. Ritter* [*Charles H. Wald* with him on the brief], for the appellant.

*John Adikes,* for the petitioners, respondents.

PER CURIAM. The appraisers of the personal property of the decedent spent the whole or a part of nineteen days in making their appraisal and inventory. They employed two experts and one certified public accountant, who assisted in the work and whose services are claimed to be worth $517.50. These employees in considerable part performed duties incumbent on the appraisers.

The property appraised consisted of twenty-four bonds and mortgages on local property valued at $155,650; capital shares of the Corn Exchange Bank, valued, as at the death of decedent, at $26,555; household and personal effects valued at $322; and the net worth of the furniture business in which decedent was engaged (including net value of bills receivable), $175,375.60. This makes a total gross estate of $357,902.60.

For their services as appraiser each claimed one per cent of the estate, or $3,580. This would be compensation at the rate of $188 each a day. This seems not to include the pay of their assistants. The executor rejected the claim; and a motion to fix their compensation was made by the appraisers.

The acting surrogate fixed their fees at $2,500 each, besides allowing the claim of the assistants. This amounts to $131.60 a day for each appraiser. The provisions of section 284 of the Surrogate's Court Act contemplate that a reasonable fee shall be fixed for the services actually rendered. We consider the amount allowed in this case as unreasonable and excessive, and that $1,000 each will be ample compensation. The order should be modified accordingly.

The order should be modified by striking out in the first, second, and fourth ordering paragraphs the figures 2,500 and inserting in lieu thereof the figures 1,000; and as so modified, affirmed, without costs.

LAZANSKY, P. J., HAGARTY, DAVIS, JOHNSTON and TAYLOR, JJ., concur.

Order of the Surrogate's Court of Queens county modified by striking out in the first, second and fourth ordering paragraphs the figures 2,500 and inserting in lieu thereof the figures 1,000; and as so modified, affirmed, without costs.